UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER GAINES,[1]

    Plaintiff,

v.                                  CASE No. 8:14-CV-125-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____

# ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.[3]

---

[1] The plaintiff changed his name from Beverly Lee Gaines to Christopher D. Gaines (see Tr. 294), which explains references in the administrative record to "she" and Beverly.

[2] The plaintiff was awarded supplemental security income commencing in August 2010, with an onset date of January 2010 (Tr. 30).

[3] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was forty-six years old at the time of the administrative hearing and who has an eighth grade education in special education classes, has worked as a lawn worker, dishwasher, and cook (Tr. 32, 33, 39-40). He filed a claim for Social Security disability benefits, alleging that he became disabled on February 15, 2007, due to "RSD [reflex sympathetic dystrophy syndrome], bipolar [disorder], schizophrenia, migraine [headaches], degenerative disc disease, spinal cord stimulator, legs give out, 2nd grade reading level, and physical and sexual abuse" (Tr. 136). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that, through the plaintiff's last insured date on March 31, 2008, the plaintiff had severe impairments of "degenerative disc disease, schizoaffective disorder, anxiety disorder, migraine headaches, and reflex sympathetic dystrophy (RSD)" (Tr. 14). The law judge concluded that (Tr. 16):

> through the last date insured, the claimant had the
> residual functional capacity to perform a range of
> medium work as defined in 20 CFR 404.1567 ( c).

> The claimant is limited to work that is not in a hot or humid environment, no reading required, simple one or two-step instructions, and low stress. In addition, no fine fingering and fine feeling limited to frequently.

The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 18). However, based upon the testimony of a vocational expert, the law judge decided that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as packer, stocker, and sandwich maker (Tr. 19). The plaintiff was therefore found not disabled through the date he was last insured (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must also show that he became disabled before his insured status expired on March 31, 2008, in order to receive disability benefits (Tr. 132). 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff contends that "[t]he Administrative Law Judge decision was in error in relying on a response to a hypothetical question by [the] vocational expert, where the ... response was clearly in error or the vocational expert did not understand the Administrative Law Judge's hypothetical question" (Doc. 21, p. 5). This contention is meritless because

it is the responsibility of the law judge, and not this court, to determine whether the expert's testimony was erroneous, and the law judge, as fact-finder, accepted the expert's testimony. Furthermore, the expert gave no indication that he did not understand the hypothetical question.

The vocational expert's testimony constitutes substantial evidence that the plaintiff could perform the jobs of packer, sorter, and sandwich maker because that response was based upon a hypothetical question to the vocational expert that included all of the limitations the law judge found in the residual functional capacity. Ingram v. Commissioner of Social Security Admin., 496 F.3d 1253, 1270 (11th Cir. 2007). Thus, the law judge asked the vocational expert (Tr. 40, 42):

> Q: Okay. If I had an individual who could work at the medium level that had the following restrictions, would be no exposure to hot environments or humid environments; the jobs would be non-reading jobs; would be simple, one or two-step instruction jobs, they'd be low stress, would there be work for that type of individual?
>
> A: Yes, sir. Examples would include packer which is DOT number 920.587-018 .... Stocker, DOT number 922.687-058 .... And sandwich maker, DOT number 317.664-010 ....
>
> ....

> Q: If I were to add the following restriction to the hypothetical, that there'd be no fine fingering and is it no fine feeling, or I forget what the restriction is. I think it -- one is fine fingering and the other is one of the uses of your hands is fine for feeling?
>
> A: Yes.
>
> Q: And the -- if those were limited to frequent down from full-time, down further than occasional, down to just frequently, would that affect any of the jobs you gave earlier?
>
> A: No, sir.

The law judge relied upon this testimony in finding that there were significant jobs in the national economy that the plaintiff could perform and, accordingly, ruled that the plaintiff was not disabled through the date that he was last insured (Tr. 19).

Significantly, the hypothetical question matches the residual functional capacity determination. Thus, as relevant here, each contained limitations of no fine fingering and only frequent fine feeling (compare Tr. 16, 42). Consequently, the plaintiff does not make any contention that a functional limitation found in the residual functional capacity was omitted from the hypothetical question. Rather, the plaintiff, as indicated, asserts that

the expert either answered the question erroneously or misunderstood the question.

In support of his position, the plaintiff contends that the law judge, in making his decision, failed to comply with Social Security Ruling 00-4p, 2000 WL 1898704, because he did not inquire of the vocational expert whether there was a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) (Doc. 21, p. 8). That Social Security Ruling is designed to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by a vocational expert and information in the DOT. To this end, the Social Security Ruling states that, "[w]hen a VE [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the DOT." 2000 WL 1898704 at *4.

While the law judge did not specifically ask that question, the law judge could reasonably find that the expert's testimony was consistent with the DOT because the vocational expert stated the DOT number for each of the jobs she identified (Tr. 40), thereby indicating that she was basing her

testimony on the DOT. Moreover, the plaintiff had an experienced non-attorney representative at the hearing who was given an opportunity to cross examine the vocational expert, but did not (Tr. 44). Therefore, the evidence on this point was undisputed, and the law judge reasonably found that, "[p]ursuant to SSR 00-4p, ... the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (Tr. 19).

The law judge's finding that the expert's testimony was consistent with the DOT was reasonable. While the plaintiff points out that the DOT indicates that the jobs identified by the expert involve fingering (Doc. 21, pp. 7-8), that was not the precise functional limitation found by the law judge. Rather, the limitation specifically articulated by the law judge was "fine fingering" (as well as "fine feeling") and not just "fingering." The DOT does not address the limitation of "fine fingering" (or "fine feeling"). This is like the situation where law judges include a "sit/stand" option in a residual functional capacity and a hypothetical question, and the DOT does not recognize such an option. In that circumstance, the expert's testimony is said to be consistent with the DOT. Similarly, there is no inconsistency between

the expert's testimony regarding "fine fingering" (and "fine feeling") and the DOT's information regarding "fingering."

Furthermore, even if the law judge had failed to comply with SSR 00-4p, that would not warrant reversal because SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law. Miller v. Commissioner of Social Security, 246 Fed. Appx. 660, 662 (11th Cir. 2007). Consequently, a failure to inquire whether the DOT was consistent with the expert's testimony would not constitute reversible error. That is especially so here where the law judge expressly found that the expert's testimony is consistent with the DOT.

Moreover, the Commissioner correctly argues that (Doc. 25, p. 7), assuming there is a conflict between the expert's testimony and the DOT, the expert's testimony prevails. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000). Thus, the Eleventh Circuit has held that, where there is a conflict between the expert's testimony and a job description contained in the DOT, "the VE's testimony 'trumps' the DOT." Id. at 1230; Miller v. Commissioner of Social Security, supra, 246 Fed. Appx. at 662.

As the court of appeals explained, the DOT is not comprehensive and is to be supplemented with local information, which the expert provides. Jones v. Apfel, supra, 190 F.3d at 1230; see also Hurtado v. Commissioner of Social Security, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011) ("the VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job"); Jones v. Commissioner of Social Security, 423 Fed. Appx. 936, 939 (11th Cir. 2011) ("the DOT provides descriptions of occupations, not of the numerous jobs within those occupations, and the VE may be able to provide more specific information about jobs or occupations than the DOT."). Therefore, the law judge "was permitted to base his findings about these ... jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT." Id.

If the plaintiff's representative had any doubt that the plaintiff could perform the jobs identified by the vocational expert, or if she believed that the vocational expert misunderstood the hypothetical question, she could have simply asked the vocational expert about those matters. See Jones v. Apfel, supra, 190 F.3d at 1228 (Once the expert identifies jobs that the

plaintiff can perform, the burden switches to the plaintiff to prove that she was unable to perform those jobs). However, when the law judge asked the representative if she had any follow-up questions of the vocational expert, she responded "no" (Tr. 44). Accordingly, the law judge reasonably accepted the uncontroverted testimony of the vocational expert (Tr. 19), who was present at the hearing and heard the plaintiff's testimony (see Tr. 28), and who has been a Social Security vocational expert since March 1984 (Tr. 81).

Additionally, the vocational expert did not express any uncertainty in responding to the hypothetical question (see Tr. 42). Consequently, the plaintiff's contention that the vocational expert did not understand the pertinent hypothetical question is baseless speculation.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this

Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 22nd day of February, 2015.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE